# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 7, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | |
| MARCIA PETRIE, as Personal | * |
| Representative of the Estate of | * |
| DANIEL J. PETRIE, | *   UNPUBLISHED |
| | * |
| Petitioner, | *   No. 18-1584V |
| | * |
| v. | *   Special Master Dorsey |
| | * |
| SECRETARY OF HEALTH | *   Decision Based on Stipulation; Influenza |
| AND HUMAN SERVICES, | *   ("Flu") Vaccine; Transverse Myelitis |
| | *   ("TM"). |
| Respondent. | * |
| | * |
| * * * * * * * * * * * * * * * * * * | |

Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner.
Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On October 12, 2018, Marcia Petrie ("Petitioner"), as personal representative of the estate of Daniel J. Petrie ("Mr. Petrie"), filed a petition in the National Vaccine Injury Program[2] alleging that Mr. Petrie suffered transverse myelitis ("TM") as a result of an influenza ("flu") vaccination administered on November 5, 2015. Petition at Preamble (ECF No. 1). During the

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

case's pendency, on October 18, 2022, Mr. Petrie passed away. Petitioner further alleges that Mr. Petrie's death was the sequela of his alleged vaccine-related injury.

On March 7, 2025, the parties filed a stipulation recommending an award of compensation to Petitioner. Stipulation (ECF No. 165). Respondent denies that the flu vaccine caused Mr. Petrie's alleged TM, or any other injury, and denies that Mr. Petrie's death is a sequela of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**(1) A lump sum of $200,000.00, payable to Petitioner as personal representative on behalf of the estate of Mr. Petrie, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

**(2) A lump sum of $37,500.00, representing reimbursement of a Medicaid lien for services rendered to Mr. Petrie by the State of New York, in the form of a check payable jointly to Petitioner and the New York State Department of Health:**

**New York State Department of Health**
   **Recipient: Daniel Petrie**
   **Date of Incident: 11/05/2015**
   **Recovery Case: 223000**
**P.O. Box 415874**
**Boston, MA 02241-5874**

**Petitioner agrees to endorse the check to New York State Department of Health.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

MARCIA PETRIE, as Personal Representative of the Estate of DANIEL J. PETRIE,

    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Respondent.

No. 18-1584V (ECF)
Special Master Dorsey

## STIPULATION

The parties hereby stipulate to the following matters:

1. Daniel J. Petrie ("Mr. Petrie") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 ("Vaccine Program"). Upon his death, Marcia Petrie ("petitioner"), as personal representative of Mr. Petrie's estate, was substituted as petitioner herein. The petition seeks compensation for an injury allegedly related to Mr. Petrie's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2. Mr. Petrie received the flu vaccine on November 5, 2015.

3. The vaccine was administered in the United States.

4. Petitioner alleges that, as a result of receiving the flu vaccine, Me. Petrie suffered transverse myelitis. Mr. Petrie passed away on October 18, 2022. Petitioner further alleges that Mr. Petrie's death was the sequela of his alleged vaccine-related injury.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Petrie as a result of his condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Petrie's alleged transverse myelitis, or any other injury, and denies that Mr. Petrie's death is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled, and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   A. A lump sum of **$200,000.00**, payable to petitioner as personal representative on behalf of the estate of Mr. Petrie, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

   B. A lump sum of **$37,500.00**,[1] representing reimbursement of a Medicaid lien for services rendered to Mr. Petrie by the State of New York, in the form of a check payable jointly to petitioner and the New York State Department of Health:

      New York State Department of Health
      Recipient: Daniel Petrie
      Date of Incident: 11/05/2015
      Recovery Case: 223000
      P.O. Box 415874
      Boston, MA 02241-5874

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of New York may have against any individual as a result of any Medicaid payments that the State of New York has made to or on behalf of Mr. Petrie as a result of his alleged vaccine-related injury suffered on or about November 5, 2015, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

2

>   Petitioner agrees to endorse this check to the New York State Department of Health.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396, *et seq.*)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within ninety days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Petrie's estate under the laws of the State of New York. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Petrie's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of Mr. Petrie's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or

parties appointed by a court of competent jurisdiction to serve as legal representative of Mr. Petrie's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the legal representative of the estate of Daniel Petrie, on behalf of herself, the Estate, and Mr. Petrie's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Petrie, resulting from, or alleged to have resulted from, the influenza vaccine administered on November 5, 2015, as alleged in a Petition for vaccine compensation filed on October 12, 2018, in the United States Court of Federal Claims as petition No. 18-1584V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated

4

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Petrie's alleged transverse myelitis, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as personal representative on behalf of the estate of Mr. Petrie hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

_____
MARCIA PETRIE

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
NANCY MEYERS
Turning Point Litigation
300 N. Greene Street, Suite 2000
Greensboro, NC 27401
(336) 645-3324
nmeyers@turningpointlit.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.02.07 14:05:12 -05'00'
for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
NASEEM KOUROSH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1159
Naseem.Kourosh@usdoj.gov

Dated: 3/3/2025